IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 10-cv-02750-WDM-MJW

ELECTRONIC SOLUTIONS, INC.,
HUNTER DOUGLAS, INC., and
DRAPER, INC.,

      Plaintiffs,

v.

MECHOSHADE SYSTEMS, INC.,

      Defendant.

*(Docket No 25-1)*

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties to the above-captioned litigation (the "Litigation") are each in the possession of confidential and highly confidential information and such information is being or may be sought in discovery;

WHEREAS, the parties agree that the production of information by each of them should take place subject to the provisions of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the parties have reached agreement on the terms of this Confidentiality Stipulation and Protective Order ("Stipulation and Order"), subject to approval by the Court;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the parties to the above-captioned Litigation that,

1.    This Stipulation and Order governs the use and handling of documents, testimony interrogatory responses, hearing transcripts and other information, including the review of product operations (other than information that is publicly known or available) designated as

-1-

"Confidential" or "Highly Confidential," (collectively the "Protected Litigation Material") by Plaintiffs Electronic Solutions, Inc., Hunter Douglas, Inc. and Draper, Inc. ("Plaintiffs") and/or Defendant MechoShade Systems, Inc. ("Defendant") (individually each a "Party" and collectively the "Parties") or by any third party to this litigation (any Party and any non-party producing Protected Litigation Material is referred to as a "Producing Party"), pursuant to the provisions herein. This shall include all copies, excerpts, summaries, pleadings, declarations, affidavits, reports, briefs, motions, transcripts, other writings, or testimony given in any deposition or pre-trial hearing, which contains Protected Litigation Material. The handling of Protected Litigation Material at trial will be the subject of a separate discussion between the Parties and the Court to take place prior to the commencement of trial.

2.    Protected Litigation Material shall be used and disclosed solely in connection with preparing for and conducting pre-trial, trial and appellate proceedings in this Litigation. Moreover, no attorney for either party, or for any law firm employed by either party, shall disclose or use any of the other party's "Confidential" or "Highly Confidential" information produced in this case or reference such information produced in this case in connection with any other matter. Each law firm representing any party to this litigation acknowledges and agrees that a condition of receiving any of the other party's "Confidential" or "Highly Confidential" information is that any such information shall not be used or disclosed in connection with any other litigation, unless such information is obtained independently of this matter and without reference to its production in this case.

3.    The Producing Party producing or disclosing Protected Litigation Material may designate it as either "Confidential" or "Highly Confidential." The "Confidential" designation

shall be reserved for the Producing Party's non-public commercial or business information. The

"Highly Confidential" designation shall be reserved for commercially sensitive agreements

between any Producing Party and entities that are not Party to the litigation, including any drafts

thereof, non-public internal financial reports and pricing or planning information; and any trade

secret or other sensitive commercial, competitive, engineering, research or technical information

that the Producing Party believes in good faith should be afforded the highest level of

confidentiality by the Court.

   4. Where original documents, things, equipment or facilities, are produced for

inspection, the designation of "Confidential" or "Highly Confidential" shall be permitted by

group of documents or orally in advance of the inspection of the original documents, things,

equipment or facilities; provided, however, that all documents or groups of documents produced

may be produced as they are kept in the usual course of business. Once any documents are

selected for photocopying, however, the provisions of Paragraph 5 below shall govern.

   5. The Producing Party or its counsel may designate any documents or other tangible

material as "Confidential" by placing on or affixing to it, in a manner that shall not interfere with

its legibility, the notation "CONFIDENTIAL" on either the first page of the document, assuming

that the document is bound in some manner, or on each page or part of the document or thing

containing such "Confidential" information. The Producing Party or its counsel may designate

any documents or other tangible material as "Highly Confidential" by placing on or affixing to it,

in a manner that shall not interfere with its legibility, the notation "HIGHLY CONFIDENTIAL"

on either the first page of the document, assuming that the document is bound in some manner,

or on each page or part of the document or thing containing such "Highly Confidential"

information. If different copies of the same document are marked inconsistently as to the level of confidentiality, the Party that discovers such inconsistent marking shall immediately notify the other Party and/or the Producing Party, which shall then indicate in writing which level of confidentiality shall apply to the documents at issue. Any disputes regarding these designations shall be resolved pursuant to Paragraph 23 of this Stipulation and Order.

6.      The Producing Party or its counsel may designate depositions or other testimony as "Confidential" or "Highly Confidential" by the following means:

      a.      stating orally on the record, with reasonable precision as to the affected testimony, on the day the testimony is given that this information is affected testimony, and the level of confidentiality shall also be stated on the record, to be either "Confidential" or "Highly Confidential", or

      b.      sending written notice designating, by page and line, any portions of the transcript of the deposition or other testimony to be treated as "Confidential" or "Highly Confidential" within twenty-one (21) days after receipt of the transcripts, during which twenty-one (21) day period any such deposition or testimony shall be treated as "Highly Confidential."

7.      Any transcript designated "Confidential" or "Highly Confidential" shall be marked as including information that is "Confidential" or "Highly Confidential," respectively, and portions of any transcript so marked shall be given to or shown to only those persons who would otherwise be permitted to view such "Confidential" or "Highly Confidential" material, respectively, pursuant to the terms of this Stipulation and Order.

8.     Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Confidential," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

      a.     The Court (including Clerks and other Court personnel);

      b.     The Parties, including their officers and employees to the extent necessary for the conduct of the Litigation, and their counsel of record, including legal staff and in-house counsel, and their clerical and litigation support personnel, such as secretaries, paralegals and document clerks, or other support staff, who are employed by such counsel and are working under the express direction of such counsel;

      c.     Court reporters who record deposition or other testimony in the Litigation;

      d.     Subject to Paragraph 10, below, independent experts and consultants, including their administrative personnel, provided that disclosure is made solely for purposes of the Litigation and only after such expert/consultant signs the Confidentiality Agreement attached hereto as Exhibit A;

      e.     Translators and interpreters of foreign language documents or testimony, provided that disclosure is made solely for purposes of the Litigation and only after such translator or interpreter signs the Confidentiality Agreement attached hereto as Exhibit A;

      f.     Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof,

      g.     Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation;

h.     Any other person to whom the Parties agree in writing; and

i.     Any other person to whom the Court specifically allows disclosure, after notification to the Producing Party by the Party seeking to make such disclosure, and an opportunity to respond by the Producing Party.

9.     Absent written consent from the Producing Party or unless otherwise directed by the Court, Protected Litigation Material designated "Highly Confidential," any copies thereof, and the information contained therein shall not be disclosed, given, shown or made available to anyone except:

a.     The Court (including Clerks and other Court personnel);

b.     The Parties' outside counsel of record, including legal staff, including their clerical and litigation support personnel, such as secretaries, paralegals and document clerks, or other support staff who are employed by such counsel and are working under the express direction of such counsel;

c.     Court reporters who record deposition or other testimony in the Litigation;

d.     Subject to Paragraph 10 below, independent experts and consultants, including their administrative personnel, provided that disclosure is made solely for purposes of the Litigation and only after each such expert/consultant signs the Confidentially Agreement attached hereto as Exhibit A;

e.     Translators and interpreters of foreign language documents or testimony, provided that disclosure to each such person shall be made solely for purposes of this Litigation and only after each such translator/interpreter signs the Confidentiality Agreement attached hereto as Exhibit A;

f.      Any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof;

h.      Outside photocopying, graphic production services or litigation support services employed by the parties or their counsel to assist in the Litigation;

i.      Any other person to whom the Parties agree in writing; and

j.      Any other person to whom this Court specifically allows disclosure, after notification to the Producing Party by the Party seeking to make such disclosure, and an opportunity to respond by the Producing Party.

10.     A party desiring to have "Confidential" or "Highly Confidential" information of another Producing Party disclosed to any person pursuant to Paragraphs 8(e) or 9(e) above shall ensure that such person signs Exhibit A of this Stipulation and Order and reads the entire Stipulation and Order. Any person or entity receiving "Confidential" or "Highly Confidential" information pursuant to Paragraphs 8(d), 8(e), 9(d) or 9(e) above agrees to destroy or return all such information at the conclusion of the litigation.

11.     Subject to the provisions of Paragraph 22 below, any person obtaining information from Protected Litigation Material designated "Confidential" or "Highly Confidential" may not divulge that information to anyone who is not permitted to have the information under the provisions of this Stipulation and Order. Neither the Protected Litigation Material designated "Confidential" or "Highly Confidential" nor the contents thereof shall be used for any business, commercial or competitive purposes whatsoever.

12.    Any person who is permitted to view Protected Litigation Material pursuant to this Stipulation and Order shall be required to read this Order and shall be apprised by counsel that he or she is bound by the terms hereof.

13.    The recipient of any Protected Litigation Material that is provided pursuant to this Stipulation and Order shall maintain it in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use.

14.    Nothing in this Stipulation and Order shall prevent any Producing Party from disclosing its own Protected Litigation Material produced by it, whether or not also produced by the other Party, as it deems appropriate, and any such disclosure shall not be deemed a waiver of any other Party's rights or obligations under the Stipulation and Order.

15.    The Parties shall confer at or before the time their objections to trial exhibits are due to be served on the opposing Party regarding the use of "Confidential" or "Highly Confidential" Protected Litigation Material at trial and agree to present to the Court any disputes regarding the use of any exhibits containing "Confidential" or "Highly Confidential" Protected Litigation Material at trial.

16.    Protected Litigation Material shall not be copied or reproduced for use in the Litigation except to the extent such copying or reproduction is reasonably necessary to the conduct of the Litigation, and such copies or reproductions shall be subject to the terms of this Stipulation and Order. If the duplication process by which copies or reproductions of Protected Litigation Material are made does not preserve the confidentiality designations that appear in the original of the documents, all such copies or reproductions shall be designated in the manner set forth in Paragraph 5 above.

17.     Complete or partial copies of Protected Litigation Material and summaries, digests, analyses, reports or other documents prepared from or containing Protected Litigation Material bearing the designations specified in Paragraph 5 above shall be treated as "Confidential" or "Highly Confidential" Protected Litigation Material, as designated, under this Stipulation and Order.

18.     If Protected Litigation Material designated "Confidential" or "Highly Confidential," or quotations from or references to such material, are to be included in papers filed with or otherwise disclosed to the Court or in oral argument to the Court, such papers or the transcripts of such oral argument shall be filed with or disclosed to the Court pursuant to the provisions for filings under seal of Rule 7.2 of the Local Civil Rules for the United States District Court for the District of Colorado.  Unless the Court denies the request for sealed filing, such papers or transcripts shall not be disclosed to any person who is not permitted to view such materials pursuant to the terms of this Stipulation and Order.

19.     Inadvertent production of documents, things or information subject to confidentiality restrictions, the attorney-client privilege or work-product immunity (despite the Producing Parties' reasonable efforts to prescreen such documents and information prior to production) does not waive the confidentiality restriction, attorney-client privilege or work product immunity if a request for return of such documents or information is made promptly after the Producing Party learns of its inadvertent production.

20.     Should any information designated "Confidential" or "Highly Confidential," any copies or summaries thereof, or the contents of the information be disclosed in any manner, through inadvertence or otherwise, to any persons not authorized to receive them under this

Stipulation and Order, then the Party responsible for the unauthorized disclosure shall use its best efforts to obtain the return of such information and bind such person to the terms of this Stipulation and Order and shall (a) promptly provide such person a copy of this Stipulation and Order, (b) use its best efforts to cause such person to acknowledge in a written statement, in the form attached hereto as Exhibit A, that he or she has read the Stipulation and Order and agrees to be bound by the terms thereof, and provide such written statement to the Producing Party, and (c) identify such person immediately to the Producing Party.

21.     By this Stipulation and Order, the Parties do not waive any right to object to any discovery request, or to the admission of evidence on any ground, or to seek any further protective order, or to seek relief from the Court from any provision of this Stipulation and Order by application on notice on any grounds.

22.     Nothing herein shall be construed as limiting the Parties from using or disclosing any information that is in the public domain or that, subsequent to the disclosure, becomes part of the public domain other than by an act or violation of the terms of this Stipulation and Order. Nor shall this Stipulation and Order be construed as limiting the Parties from using or disclosing any information designated "Confidential" or "Highly Confidential" that was acquired by means other than discovery in this Litigation, or from using or disclosing information that is in the possession of a Party receiving such information without any confidentiality obligations at the time of disclosure, information independently derived by a Party without reference to any Protected Litigation Material, as evidenced by documentation, or information disclosed by a third party having the legal right to do so.

23.     If any Party to this Stipulation and Order objects to the designation of any

Protected Litigation Material as "Confidential" or "Highly Confidential," the Party shall first

state the objection in writing to the Producing Party.  The Parties agree to confer in good faith

within seven (7) days of such notice to resolve the dispute respecting the designation of

Protected Litigation Materials under this Stipulation and Order.  If the Parties are unable to

resolve such dispute, any Party may thereafter move to have this Court rule on the dispute over

the designation.  In any dispute raised with this Court, the Producing Party making the

designation shall bear the burden of showing that the challenged designation was appropriate.

Until the Court rules on such dispute, the Protected Litigation Material in question shall continue

to be treated as "Confidential" or "Highly Confidential," as designated.

24.     A copy of this Stipulation and Order shall be included in the service of any

subpoena for documents directed to any non-party.

25.     Individuals who receive Protected Litigation Material produced in the Litigation

agree to subject themselves to the jurisdiction of the United States District Court for the District

of Colorado for the purposes of enforcement of the Stipulation and Order.  The United States

District Court for the District of Colorado shall retain jurisdiction to enforce the Stipulation and

Order even after termination of this Litigation.

26.     Within sixty (60) days of the conclusion of the Litigation, by judgment, appeal or

otherwise, all Protected Litigation Material designated "Confidential" or "Highly Confidential,"

all copies, digests or summaries thereof, and any other documents containing any such Protected

Litigation Material, shall be returned to counsel for the Producing Party or destroyed, except that

counsel may retain their work product and a single copy of each court filing, trial or hearing

transcript and exhibit, provided said retained documents will continue to be treated as provided in this Stipulation and Order. If a Party chooses to destroy Protected Litigation Material, counsel for the Party shall certify as to the date, the method of destruction and the identification of such Protected Litigation Material, and transmit such certification to opposing counsel within seven (7) days of the completion of destruction.

27.   The obligations and duties arising under this Stipulation and Order and under any acknowledgement or agreement pursuant thereto shall be effective upon execution by counsel and shall survive the termination of this action.

28.   In the event anyone shall violate or threaten to violate any terms of this Stipulation and Order, the Parties agree to confer in good faith within seven (7) days of the aggrieved Party gaining knowledge of the alleged violation or potential violation, to resolve such violation (or potential violation) of the terms of this Stipulation and Order. If the Parties are unable to resolve the dispute, the aggrieved Party may thereafter move the Court to obtain relief against any such person or entity until Termination of This case.

29.   The Parties may modify the provisions of this Stipulation and Order at any time by written stipulation endorsed by the Court.

Dated this 4TH day of February, 2011.

BY THE COURT:

_Michael J. Watanabe_
MICHAEL J. WATANABE
United States Magistrate Judge

-12-

Agreed to and respectfully submitted this 3rd day of February, 2011.

s/ Evan M. Rothstein
Gregory S. Tamkin
Evan M. Rothstein
DORSEY & WHITNEY LLP
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone: (303) 629-3400
E-mail: tamkin.gregory@dorsey.com
E-mail: rothstein.evan@dorsey.com
*Attorneys for Plaintiffs Electronic Solutions,*
*Inc., Hunter Douglas, Inc., and Draper, Inc.*

s/ Sid Leach
Sid Leach
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6372
Email: sleach@swlaw.com

James D. Kilroy
SNELL & WILMER, LLP
1200 17th Street, Suite 1900
Denver, CO 80202-5854
Telephone: (303) 634-2000
Email: jkilroy@swlaw.com

*Attorneys for Defendant MechoShade Systems, Inc.*

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on February 3, 2011, I caused the foregoing document, titled [PROPOSED] CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER, including Exhibit A thereto, to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the email addresses of Defendant's counsel listed below.

James D. Kilroy
SNELL & WILMER, LLP
1200 17th Street, Suite 1900
Denver, CO 80202-5854
Email: jkilroy@swlaw.com

Sid Leach
SNELL & WILMER L.L.P.
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202
Email: sleach@swlaw.com

*Attorneys for Defendant MechoShade Systems, Inc.*

s/ Evan M. Rothstein
Evan M. Rothstein
DORSEY & WHITNEY LLP
Attorneys for Plaintiffs
1400 Wewatta Street, Suite 400
Denver, CO 80202-5549
Telephone:(303) 629-3400
E-mail:rothstein.evan@dorsey.com

*EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action Number 10-cv-02750-WDM-MJW

ELECTRONIC SOLUTIONS, INC.,
HUNTER DOUGLAS, INC., and
DRAPER, INC.,

       Plaintiffs,

v.

MECHOSHADE SYSTEMS, INC.,

       Defendant.

## UNDERTAKING AND CONFIDENTIALITY AGREEMENT

       I, _____, having been retained as an _____ of _____ in connection with the above-captioned lawsuit, hereby acknowledge that I am to be provided access to confidential information supplied by _____, as defined in the Protective Order dated _____.

       My address is _____. My present employer is _____. My present occupation or job description is _____. Attached are a copy of my current resume or curriculum vitae and a full description of all my employment for the previous 10 years.

       I certify my understanding that the confidential information is being provided to me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby

agree to be bound by the terms of the Order. I understand that the confidential information and my copies or notes relating thereto may be disclosed to or discussed with only those persons permitted by the Protective Order to receive such information.

I will return on request all materials containing confidential information, copies thereof and notes that I have prepared relating thereto, to outside trial counsel for the party with whom I am associated.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

Respectfully submitted,

Dated: _____, 201_          By: _____